**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| ENVIRONMENTAL INTEGRITY ) <br> PROJECT, and SIERRA CLUB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> GINA MCCARTHY, in her official ) <br> capacity as Administrator, United States ) <br> Environmental Protection Agency, ) <br> ) <br> Defendant. ) <br> ) | Civil Case No. 1:15-CV-745 (ABJ) <br><br> **FILED** <br> DEC − 9 2015 <br> Clerk, U.S. District & Bankruptcy <br> Courts for the District of Columbia |

**CONSENT DECREE**

WHEREAS, Plaintiffs Environmental Integrity Project and Sierra Club (collectively, "Plaintiffs") filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that Defendant Gina McCarthy, in her official capacity as Administrator, United States Environmental Protection Agency ("EPA"), failed to perform a non-discretionary duty under CAA § 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny an administrative petition submitted by Plaintiffs in October 2014 requesting that EPA object to a revised CAA Title V permit issued by the Texas Commission on Environmental Quality to the Southwestern Electric Power Company for operation of the H.W. Pirkey Power Plant in Harrison County, Texas ("Pirkey Petition");

WHEREAS, Plaintiffs and EPA (collectively, "the Parties") wish to effect a settlement of the above-captioned matter without expensive and protracted litigation;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned matter;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 et seq.;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree. Venue is proper in the United States District Court for the District of Columbia.

2. On or before February 12, 2016, EPA shall sign a response to the Pirkey Petition, pursuant to 42 U.S.C. § 7661d(b)(2).

3. Following signature of such response to the Pirkey Petition, EPA shall expeditiously deliver notice of EPA's response to the Office of the Federal Register for publication. Following such transmission, EPA shall not take any step (other than as necessary to correct any typographical error or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register.

4. If EPA's response includes the granting of any portion of the Pirkey Petition in whole or in part, EPA shall promptly transmit its response to the Texas Commission on Environmental Quality.

5. The deadline for filing a motion for costs of litigation, including attorneys' fees, incurred prior to entry of this Consent Decree is hereby extended until sixty (60) days after the entry of this Consent Decree by this Court. During this time, the Parties shall seek to resolve informally any claim for costs of litigation, including attorneys' fees, and if they cannot, will submit that issue to this Court for resolution. The United States does not waive or limit any

defenses it may have to such claim. This Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorneys' fees.

6. Any provision of this Consent Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving party.

7. The Parties recognize that the possibility exists that a lapse in the appropriations that fund EPA could delay compliance with the timetables contained in this Consent Decree. Should a delay occur due to a lapse in appropriations, any resulting failure to meet the timetables set forth herein shall not constitute a failure to comply with the terms of this Consent Decree, and any deadlines occurring within one hundred twenty (120) days of the termination of the delay shall be automatically extended one day for each day of the delay. Nothing in this paragraph shall preclude EPA from seeking an additional extension through modification of this Consent Decree pursuant to Paragraph 6.

8. Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

9. Plaintiffs and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiffs have asserted against the United States, including EPA, under any provision of law in connection with Environmental Integrity Project, et al. v. McCarthy, Civil Case No. 1:15-CV-745 (ABJ) (D.D.C.), except as provided in Paragraph 5 of this Consent Decree. Plaintiffs therefore discharge and covenant not to sue the United States, including EPA, for any such claims.

10. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified in Paragraphs 2, 3 and 4 of this Consent Decree by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

11. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Pirkey Petition.

12. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the District Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1). Nothing in the terms of this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. The obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

14. Any notices required or provided for by this Consent Decree shall be made in writing and sent to each of the following:

For Plaintiffs:

Ilan Levin
Environmental Integrity Project
707 Rio Grande, Suite 200
Austin, TX 78701
Tel: (512) 637-9479
ilevin@environmentalintegrity.org

For Defendants:

Chief, Environmental Defense Section
Re: DJ # 90-5-2-4-20410
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-2219
Fax: (202) 514-8865

Jonathan Skinner-Thompson
Office of the General Counsel
U.S. Environmental Protection Agency
WJC North, MC 2344A
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460
Tel: (202) 564-0291
Skinner-Thompson.Jonathan@epa.gov

15. In the event of a dispute between the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within twenty (20) business days after receipt of the notice, any party may move the Court to resolve the dispute.

16. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be filed unless the Plaintiffs have followed the procedure set forth in Paragraph 15.

17. The Court shall retain jurisdiction to determine and effect compliance with this Consent Decree. When EPA's obligations under Paragraphs 2 through 4 of this Consent Decree have been completed, and Plaintiffs' claim for costs of litigation has been resolved pursuant to Paragraph 5, the above-captioned matter shall be dismissed with prejudice. The Parties may either jointly notify the Court that the Consent Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion. If EPA notifies the Court by motion, then Plaintiffs shall have twenty (20) days in which to respond.

18. The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). EPA shall promptly submit a public notice of this Consent Decree to the Federal Register for publication and public comment after lodging this Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the CAA. If the federal government elects not to withdraw or withhold consent to this Consent Decree, the Parties promptly shall file a motion that requests the Court to enter this Consent Decree. If for any reason the Court does not enter the Consent Decree, the obligations set forth in this Consent Decree are null and void.

19. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

20. The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

SO ORDERED on this 9th day of December, 2015.

HON. AMY BERMAN JACKSON
United States District Judge

SO AGREED:

FOR PLAINTIFFS

Ilan Levin
Environmental Integrity Project
707 Rio Grande, Suite 200
Austin, TX 78701
Tel: (512) 637-9479
ilevin@environmentalintegrity.org

Dated: 9/1/2015

FOR DEFENDANT

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

Heather E. Gange
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-4206
Fax: (202) 514-8865
Heather.Gange@usdoj.gov

Dated: 10/6/2015